UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAMON ANTONIO LOPEZ,

        Plaintiff,

v.

THERESA LANTZ, et al.,

        Defendants.

3:08-CV-01865 (CSH)

**INITIAL REVIEW ORDER**

Plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed an Amended Complaint *pro se* under 42 U.S.C. § 1983 (2000). He names as defendants Theresa Lantz, Brian Murphy, Wayne Choinski, Jeffrey McGill, Dennis Oglesby, Scott Salius, Mary Marcial, Nancy Otero, Richard Zina and Bernadina Veldhulzen.

Under 28 U.S.C. § 1915(e)(2) (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. "[A] complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (citing *Twombly;* internal quotation marks omitted; emphasis added). The Supreme Court distinguishes between factual content and conclusory allegations, stating that when "bare assertions . . . amount to nothing more than a formulaic recitation of the elements" of a claim, then "the allegations are conclusory and not entitled to be assumed true." *Id.* at 1951 (citing *Twombly;* internal quotation marks omitted). The Court has said that "[d]etermining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007)).

     Plaintiff contends that the defendants retaliated against him for exercising his First Amendment rights. He alleges that he was: exposed to assault from other inmates during recreation by spitting on him or spraying him with bottles of urine and feces; housed and sent to recreation with violent or assaultive inmates; denied adequate food and prevented through disciplinary sanctions from purchasing food from the commissary; issued false disciplinary reports and improperly found guilty of the false charges; and harassed and ridiculed by staff.

     After reviewing the complaint, the Court concludes that the Complaint should be served to enable defendants to respond to plaintiff's various claims of retaliation, failure to protect him from

assault by other inmates, unconstitutional conditions of confinement and denial of due process. As plaintiff seeks only injunctive relief, the Complaint will be served on the defendants in their official capacities.

Plaintiff also has filed a motion for temporary restraining order. Pursuant to Rule 65(b), Fed. R. Civ. P., a temporary restraining order may be entered on an emergency basis in order to prevent "immediate and irreparable injury, loss or damage" from occurring before the opposing party can be heard. The function of a temporary restraining order is to maintain the status quo for a very brief period of time — usually only until a hearing can be held. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974).

Plaintiff seeks a temporary restraining order to obtain the injunctive relief requested in the Complaint. This relief requires the defendants to make many changes to current practices and procedures. Maintaining the status quo would not yield this result. Accordingly, plaintiff's motions for temporary restraining order and hearing on that motion are denied.

## ORDERS

The court enters the following orders:

(1) Plaintiff's motions for temporary restraining order and hearing [**docs. ##3,4**] are **DENIED**.

(2) **The Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **ten (10)** days from the date of this order and to file returns of service within **twenty (20)** days from the date of this order.

(3)     **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     **Defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **thirty (30)** days from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     Plaintiff may not amend his complaint to include any additional claims or defendants without first obtaining leave of court.

**SO ORDERED** at New Haven, Connecticut this 2nd day of March, 2010.

                                                                             */s/ Charles S. Haight, Jr.*
                                                                             Charles S. Haight, Jr.
                                                                             Senior United States District Judge